UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM CHANCE STEPHENS,

        Petitioner,                    Case No. 1:17-cv-145

v.                                        Honorable Robert J. Jonker

THOMAS WINN,

        Respondent.
_____/

**OPINION**

        This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

**Discussion**

I.       Factual allegations

Petitioner William Chance Stephens is presently incarcerated with the Michigan Department of Corrections at the Oaks Correctional Facility in Manistee, Michigan. Petitioner is serving a sentence of 11 years, 10 months to 22 years, 6 months following his Van Buren County Circuit Court conviction on one count of manslaughter, MICH. COMP. LAWS § 750.321. Petitioner was sentenced as a habitual offender-second offense, MICH. COMP. LAWS § 769.10.

Petitioner, with the assistance of counsel, directly appealed his conviction and sentence to the Michigan Court of Appeals. Petitioner raised the following issues:

I.       Mr. Stephens was denied the effective assistance of counsel guaranteed by the federal and state constitutions where trial counsel failed to investigate the deceased's character history of drug dealing, carrying a concealed weapon and assaulting a police officer when it would have been significant corroboration of Mr. Stephens's theory of self defense; where trial counsel failed to investigate the hotel room for evidence demonstrating why there was no sign of a struggle; and where trial counsel failed to object to the trial court's denial of the jury[']s request to view the crime scene.

II.      The trial court erred and violated Mr. Stephens's substantial constitutional right to due process when it denied the jury's request to visit the crime scene after deliberations had begun and further erred when it made its denial without the presence or waiver of the Mr. Stephens.

III.     The trial court reversibly erred when it permitted the prosecution to introduce a gruesome video of the victim running, bleeding, panicking and dying because its probative value was greatly outweighed by its unfairly prejudicial effect and likelihood to confuse the issues and mislead the jury and should have been excluded under MRE 403.

IV.     Mr. Stephens's conviction for manslaughter must be reversed because the evidence presented was legally insufficient to prove beyond a reasonable doubt that Mr. Stephens did not defend himself.

(Appellant's Br., ECF No. 1, PageID.98.)  In Petitioner's Standard 4 brief he "re-raised" the sufficiency issue and raised one additional issue:

> V.   Mr. Stephens was denied the effective assistance of counsel guaranteed by the Federal and State constitutions where trial counsel failed to familiarize himself with applicable case law, failed to object to improper jury instructions and jury charge, failed to object to prosecution's cumulative instances of misconduct of denigrating defendant, shifting of the burden of proof, misrepresenting evidence, misstating evidence, constant inference and speculation, unsupported by the evidence.  Defense counsel also failed to object to use of immaterial and irrelevant evidence that was only introduced to induce sympathy, passion and prejudice in the jury.  When the objection to these many instances would have protected defendant's right to due process and prohibited the jury from having to consider and weigh matters outside of the issue in dispute and given the defendant a fair trial.

Appellant's Supplemental Br., ECF No. 1-1, PageID.137-138.)  The Michigan Court of Appeals affirmed Petitioner's conviction and sentence by unpublished opinion entered December 10, 2015.  *People v. Stephens*, No. 322721 2015 WL 8538751 (Mich. Ct. App. Dec. 10, 2015).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court raising all of the issues he had raised in the court of appeals, plus one new issue:

> VI.   Ineffective assistance of appellate counsel where appellate counsel failed to establish and argue that trial counsel failed to present a defense under the proper legal authority of "Castle Doctrine" where the facts, evidence and testimony supported this substantial defense.

(Br. in Supp. of Mot. to Add New Issue, ECF No. 1, PageID.12.)  The supreme court denied leave as to all issues raised by Petitioner by order entered June 28, 2016.  *People v. Stephens*, 880 N.W.2d 783 (Mich. 2016).  Nonetheless, the supreme court remanded the case to the Van Buren County Circuit Court "to determine whether the court would have imposed a materially different sentence under the sentencing procedure described in *People v. Lockridge*, 498 Mich. 358, 870 N.W.2d 502 (2015)."  *Id.*

On remand, Petitioner informed the Court he did not wish to be resentenced. Accordingly, on September 7, 2016, the court entered an order declaring that the original sentence would stand. (Ord., ECF No. 1-2, PageID.240.) Petitioner has not filed an appeal of that order.

Petitioner filed his petition in the United States District Court for the Eastern District of Michigan on January 25, 2017, raising all of the issues identified above.[1] Shortly after filing his petition, Petitioner also filed a motion for relief from judgment under MICH. CT. R. 6.500 *et seq.*[2] Petitioner has not identified the issues he raised in the motion.

## II. Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review

---

[1] The two ineffective assistance of trial counsel issues (one from counsel's brief, Issue I, and one from Petitioner's brief, Issue V) have been combined. Accordingly, Petitioner lists only five issues in his petition. (Pet., ECF No. 1, PageID.4.)

[2] *See* http://webinquiry.courts.michigan.gov/WISearchResults/ViewPage1?commoncaseid=584064, Register of Actions, Case ID 13-019113-FC.

process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The appellate pleadings he has submitted with his petition indicate that Petitioner never raised his ineffective assistance of appellate counsel claim in the Michigan Court of Appeals. Presentation of an issue for the first time on discretionary review to the state supreme court does not fulfill the requirement of "fair presentation." *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Applying *Castille*, the Sixth Circuit repeatedly has recognized that a habeas petitioner does not comply with the exhaustion requirement when he fails to raise a claim in the state court of appeals, but raises it for the first time on discretionary appeal to the state's highest court. *See Skinner v. McLemore*, 425 F. App'x 491, 494 (6th Cir. 2011); *Thompson v. Bell*, 580 F.3d 423, 438 (6th Cir. 2009); *Warlick v. Romanowski*, 367 F. App'x 634, 643 (6th Cir. 2010); *Granger v. Hurt*, 215 F. App'x 485, 491 (6th Cir. 2007); *Dunbar v. Pitcher*, No. 98-2068, 2000 WL 179026, at *1 (6th Cir. Feb. 9, 2000); *Miller v. Parker*, No. 99-5007, 1999 WL 1282436, at *2 (6th Cir. Dec. 27, 1999); *Troutman v. Turner*, No. 95-3597, 1995 WL 728182, at *2 (6th Cir. Dec. 7, 1995); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *accord Parkhurst v. Shillinger*, 128 F.3d 1366, 1368-70 (10th Cir. 1997); *Ellman v. Davis*, 42 F.3d 144, 148 (2d Cir. 1994); *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 669 (7th Cir. 1990); *but see Ashbaugh v. Gundy*, 244 F. App'x 715, 717 (6th Cir. 2007) (declining to reach question of whether a claim raised for the first time in an application for leave to appeal to the Michigan Supreme Court is exhausted). Unless the state supreme court actually grants leave to appeal and reviews the issue, it remains unexhausted in the state courts. Petitioner's application for leave to appeal was denied, and, thus, the issue was not reviewed.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner is in the process of pursuing the one available procedure by which to raise his ineffective assistance of appellate counsel issue: a motion for relief from judgment under MICH. CT. R. 6.500 *et seq.* If the motion does not already include the issue, he must amend his motion to add it. If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *See Duncan*, 513 U.S. at 365-66.

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." "[D]irect review cannot conclude for purposes of § 2244(d)(1)(A) until the 'availability of direct appeal to the state courts,' *Caspari v. Bohlen*, 510 U.S. 383, 390 (1994), and to this Court, *Lawrence*, [549 U.S.] at 332-333, has been exhausted." *Jiminez v. Quarterman*, 555 U.S. 113, 119 (2009). Where a prisoner's direct review results in a remand for resentencing, his direct review concludes "upon the conclusion of direct review of the new sentence he received at resentencing." *Rashad v. Lafler*, 675 F.3d 564, 568 (6th Cir. 2012).

The Van Buren County Circuit Court entered its order maintaining Petitioner's original sentence on September 7, 2016. Petitioner has not filed any appeal of the order. Where a petitioner has failed to properly pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*.") (emphasis added). Petitioner has six months, until March 7, 2017, in which to file a delayed application for leave to appeal in the Michigan Court of Appeals. *See* MICH. CT. R. 7.205(G)(3). If Petitioner fails to file a timely appeal to the Michigan Court of Appeals, his conviction will become final when his time for seeking review in that court expires.[3] *See Williams v. Birkett*, 670 F.3d 729, 731 (6th Cir. 2012) (holding that a defendant's conviction became final when the time for seeking review under Mich.

---

[3]If Petitioner files an appeal, his conviction and sentence would become final when the appeal process is final: after the Michigan Supreme Court issues its decision.

Ct. R. 7.205(F)(3) expired); *see also Gonzalez v. Thaler*, 132 S. Ct. 641, 655 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time expires for seeking state-court review). Accordingly, absent tolling, if Petitioner does not file an application for leave to appeal in the Michigan Court of Appeals by March 7 , 2017, Petitioner would have one year, until March 7, 2018, in which to file his habeas petition. In this case, however, Petitioner filed a post conviction motion for relief on February 8, 2017, tolling the running of the period of limitation under 28 U.S.C. 2244(d)(2) before the period even commenced.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).[4] Petitioner has more than sixty days remaining in his limitations period. Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations. Therefore a stay of these proceedings is not warranted. Should Petitioner decide not to pursue his unexhausted claims in the state courts, he may file a new petition raising only exhausted claims at any time before the expiration of the limitations period.

---

[4] The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United Stated Supreme Court. *Id.* at 332.

**Conclusion**

For the foregoing reasons, the Court will dismiss the petition for failure to exhaust available state-court remedies.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme

Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Dated:   March 7, 2017              /s/ Robert J. Jonker
                                    ROBERT J. JONKER
                                    CHIEF UNITED STATES DISTRICT JUDGE